UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUANITA RAMOS,

     Plaintiff,

v.                           Case No.:  6:20-cv-528-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Plaintiff Juanita Ramos filed a Complaint on March 25, 2020.  (Doc. 1).
Plaintiff seeks judicial review of the final decision of the Commissioner of the Social
Security Administration ("SSA") denying her claim for a period of disability and
disability insurance benefits.  The Commissioner filed the transcript of the
administrative proceedings (hereinafter referred to as "Tr." followed by the
appropriate page number), and the parties filed a joint memorandum detailing their
respective positions.  (Doc. 19).  For the reasons set forth herein, the decision of the
Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the
Social Security Act, 42 U.S.C. § 405(g).

## I.      Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity
by reason of any medically determinable physical or mental impairment that can be
expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A),

1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe,

making the claimant unable to do her previous work or any other substantial gainful

activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20

C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of

persuasion through step four, while the burden shifts to the Commissioner at step

five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.  Procedural History

Plaintiff filed a claim for a period of disability and disability insurance benefits

on February 3, 2017.[1]  (Tr. at 17, 212-13).  Plaintiff alleged a disability onset date of

December 12, 2016.  (*Id.*).  Plaintiff's claim was denied at the initial level on June 1,

2017, and upon reconsideration on August 10, 2017.  (*Id.* at 17, 71-113, 120-24).

Plaintiff requested an administrative hearing, held on February 14, 2019, before

Administrative Law Judge ("ALJ") Emily Ruth Statum.  (*Id.* at 45-70).  The ALJ

issued an unfavorable decision on April 3, 2019.  (*Id.* at 11-37).  On February 21,

2020, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-3).  Plaintiff

then filed her Complaint with this Court on March 25, 2020, (Doc. 1), and the

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and
symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules
Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18,
2017).  The new regulations, however, do not apply in Plaintiff's case because
Plaintiff filed her claim before March 27, 2017.

parties consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 14, 17). The matter is, therefore, ripe.

**III.     Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. (Tr. at 19). At step one, the ALJ found that Plaintiff "alleges disability since December 12, 2016 but engaged in substantial gainful activity from March 1, 2017 through April 30, 2017." (*Id.*). Nevertheless, the ALJ determined that "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity." (*Id.* at 20). Thus, the ALJ continued in the sequential analysis, noting that "[t]he remaining findings address the period(s) the claimant did not engage in substantial

3

gainful activity." (*Id.*).  At step two, the ALJ found that Plaintiff has the following

severe impairments:

> seizures;  headaches  (including  migraines);  a  possible
> conversion  disorder;  vertigo;  angina;  hypertension;
> hyperlipidemia; hyperthyroidism; a sleep disorder; sinus
> tachycardia; degenerative disc disease of the cervical,
> thoracic, and lumbar regions of the spine with mild facet
> disease of the lumbar spine and mild scoliotic curvature;
> minimal arthritic changes in the left knee; anxiety; panic
> disorder; a major depressive disorder; a bipolar disorder;
> and a posttraumatic stress disorder [PTSD] (20 [C.F.R. §]
> 404.1520(c)).

(*Id.* (first alteration in original)).  At step three, the ALJ determined that Plaintiff

"does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part

404, Subpart P, Appendix 1 (20 [C.F.R. §] 404.1520(c))."  (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity

("RFC"):

> [T]o perform less than the full range of light work as defined
> in 20 [C.F.R. §] 404.1567(b).  The claimant cannot climb
> ladders, ropes, or scaffolds.  The claimant cannot tolerate
> any exposure to hazards such as machinery or heights and
> must avoid concentrated exposure to extreme heat, cold,
> and humidity.   The claimant is able to understand,
> remember, and apply simple, repetitive information and
> perform simple, repetitive work tasks in an eight-hour
> workday with occasional contact with coworkers and the
> general public.

(*Id.* at 23).  The ALJ also determined that Plaintiff "is unable to perform any past

relevant work (20 [C.F.R. §] 404.1565)."  (*Id.* at 35).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 [C.F.R. §§] 404.1569 and 404.1569a)." (*Id.* at 36). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy: Cleaner, Housekeeper (DOT# 323.687-014); Marker (DOT# 209.587-034); and Routing Clerk (DOT# 222.687-022). (*Id.*). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 12, 2016, through the date of this decision (20 [C.F.R. §] 404.1520(g))." (*Id.*).

## IV.    Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

**V.      Analysis**

On appeal, Plaintiff raises three issues. As stated by the parties, the issues are:

1.      Whether the ALJ applied the correct legal standards to the opinion of Dr. Nieves-Quinones;

2.      Whether the ALJ applied the correct legal standards to the opinion of Dr. Oquendo; and

3.      Whether the ALJ applied the correct legal standards to Ms. Ramos' testimony regarding her migraine headaches and limitations.

(Doc. 19 at 19, 25, 29). The Court addresses each issue separately below by first summarizing the parties' arguments, then reciting the applicable legal standards, before addressing the ALJ's opinion.

**A.    The ALJ erred in failing to articulate the weight given to Dr. Daniel A. Nieves-Quinones' opinion.**

As her first argument, Plaintiff essentially contends that the ALJ failed to articulate the reasons for rejecting the opinion of Dr. Daniel A. Nieves-Quinones, Plaintiff's treating neurologist.  (*See* Doc. 19 at 19-22).  In support, Plaintiff notes that Dr. Nieves-Quinones found that Plaintiff "had moderate generalized postural and intention tremors affecting the bilateral upper extremities worse when assuming certain postures and with finger to nose testing" and opined that Plaintiff's "clinical picture is consistent with idiopathic generalized epilepsy versus a rapidly spreading frontal lobe focus.  Essential tremors appeared to be prominent, limiting her daily activities to a significant degree."  (*Id.* at 20 (citing Tr. 1390)).  Plaintiff maintains, however, that "the ALJ failed to even mention, let alone weigh, Dr. Nieves-Quinones' opinion that Ms. Ramos' essential tremors were 'prominent' and they 'limit[ed] her daily activities to a significant degree.'"  (*Id.* (quoting Tr. at 1390)).  Moreover, Plaintiff argues that Dr. Nieves-Quinones' opinion supports a finding that Plaintiff's tremors were a severe impairment.  (*Id.*).

Additionally, while Plaintiff concedes that the ALJ discussed Plaintiff's tremors generally, she argues that "[t]he ALJ's failure to discuss the pertinent elements of Dr. Nieves-Quinones' opinion 'suggest[s] that those elements were not considered.'"  (*Id.* at 20-21 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (alteration in original)).  Thus, Plaintiff essentially contends that notwithstanding any *post hoc* arguments made by Defendant, the ALJ "clearly

overlooked Dr. Nieves-Quinones' opinion" regarding the essential tremors and, therefore, remand is appropriate. (*See id.* at 21-22).

In response, Defendant acknowledges that the ALJ did not address or assign a weight to Dr. Nieves-Quinones' opinion that "Plaintiff's '[e]ssential tremors appeared to be prominent, limiting her daily activities to a significant degree.'" (*Id.* at 22 (quoting Tr. at 1390) (alteration in original)). Nevertheless, Defendant argues that any error was "harmless because the ALJ specifically considered the severity of Plaintiff's tremors and considered the tremors in determining Plaintiff's RFC." (*Id.* (citing Tr. at 32)).

In support, Defendant contends that the ALJ cited the medical records regarding Plaintiff's tremors. (*Id.* at 23 (citing Tr. at 32)). Defendant points out that the ALJ noted that after Dr. Nieves-Quinones changed Plaintiff's medication, the tremors had improved and were mild. (*Id.* at 23-24 (citing Tr. at 28, 31-32, 1374, 1376, 1379, 1382, 1386)). Defendant also highlights that these records are dated after the date of the opinion at issue. (*Id.*). Defendant asserts that this evidence, cited by the ALJ, "suggests that Plaintiff did not continue to have significant limitations in her daily activities." (*Id.* at 23).

Further, Defendant argues that the ALJ permissibly considered Plaintiff's daily activities in determining her RFC. (*Id.* at 24 (citations omitted)). Defendant contends that the daily activities cited by the ALJ and testified to by Plaintiff "reasonably demonstrate that Plaintiff was not as limited in her daily activities as Dr. Nieves-Quinones opined." (*Id.* (citations omitted)).

Thus, Defendant argues that the ALJ considered Plaintiff's tremors and included an RFC limitation precluding Plaintiff from exposure to hazards such a as machinery or heights. (*Id.* (citations omitted)). Defendant, therefore, maintains that "remand for further consideration of Dr. Nieves-Quinones' opinion would not change the ultimate decision in this case." (*Id.* (citations omitted)).

Finally, Defendant disagrees that the ALJ erred by not listing Plaintiff's tremors as a severe impairment. (*Id.* at 24-25). Rather, Defendant essentially asserts that even if the ALJ should have found that Plaintiff's tremors are a severe impairment, the omission is only error if the ALJ failed to account for limitations arising out of the impairment in the RFC. (*See id.*). Defendant maintains, however, that because the RFC accounts for Plaintiff's limitations arising out of her tremors, the ALJ's omission cannot be error. (*See id.*).

The Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). When evaluating a medical opinion, the ALJ considers various factors, including: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a

whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has held that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179. Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F.

App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

As Defendant concedes, the ALJ generally noted the medical records dated April 18, 2018 – in which Dr. Nieves-Quinones found that Plaintiff had a moderate tremor and, as a result, was significantly limited in her daily actives – but the ALJ did not specifically address the opinion or to assign a weight to it. (*See* Tr. at 27-28, 32). The Court finds that the ALJ erred by failing to assign a weight to Dr. Nieves-Quinones' medical opinion. *See Winschel*, 631 F.3d at 1179. Moreover, after a careful review of the medical evidence of record, the Court cannot find that this error is harmless because the limitation Dr. Nieves-Quinones imposed on Plaintiff conflicts with one of the ALJ's stated grounds for determining that Plaintiff was not under a disability. *Cf. Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (medical opinion was consistent with the ALJ's decision; therefore, any error of not stating weight to physicians' opinion was harmless); *Denomme*, 518 F. App'x at 878 (any error in the ALJ's consideration of medical opinions was harmless where RFC assessment was consistent with the physician's opinions).

Dr. Nieves-Quinones opined that Plaintiff's tremors "limit[ed] her daily activities to a significant degree." (Tr. at 1390). However, the ALJ relied on Plaintiff's ability to perform various daily activities in assessing Plaintiff's credibility and, ultimately, determining her RFC. (*See id.* at 31, 34-35 (citing Tr. at 268, 283-85, 304)). In relying on Plaintiff's "rather extensive daily activities" to support her ultimate conclusion, (*see id.* at 31), the ALJ made findings that are inconsistent with

Dr. Nieves-Quinones' opinion that Plaintiff is limited in her daily activities. Ultimately, the Court cannot assess whether substantial evidence supports the ALJ's findings, which facially conflict with Dr. Nieves-Quinones' opinion, because the ALJ failed to articulate the weight given to the opinion and the reasons therefor. *See Sampson v. Comm'r of Soc. Sec.*, No. 2:14-cv-713-FtM-MRM, 2016 WL 825536, at *4 (M.D. Fla. Mar. 3, 2016) (citation omitted) (finding that the Court could not conduct a meaningful judicial review of the ALJ's opinions because the ALJ failed to consider a pertinent medical opinion).

Moreover, Dr. Nieves-Quinones' opinion is not entirely inconsistent with the evidence of record. First, while the ALJ found that Plaintiff's tremors were "generally mild," (Tr. at 32), the evidence shows that the April 18, 2018 visit at issue was not the only visit where Dr. Nieves-Quinones found that Plaintiff had a moderate tremor. Dr. Nieves-Quinones also found that Plaintiff had a moderate tremor on January 29, 2018. (*Id.* at 1396). At that visit, Dr. Nieves-Quinones also noted that Plaintiff reported that her tremor had been increased between visits. (*Id.*). Similarly, at the April 18, 2018 visit at issue, Dr. Nieves-Quinones noted that Plaintiff reported "significant limitations throughout the day . . . because of the tremors." (*Id.* at 1388). Second, Plaintiff appears to have testified to the tremors in her hearing testimony, stating that the "shaking" makes it difficult to care for her personal needs. (*See id.* at 54).

In light of the medical evidence of record, the possibility exists that, had the ALJ properly complied with the regulations, the ultimate result could differ.

Accordingly, because it appears that the ALJ's ultimate findings are not consistent with Dr. Nieves-Quinones' medical opinion dated April 18, 2018, and the ALJ failed to articulate any reason – let alone good cause – for her decision to reject the opinion, remand is warranted.

Moreover, the Court is not persuaded by Defendant's argument that the improvement in Plaintiff's tremors after Dr. Nieves- Quinones changed her medication "suggests that Plaintiff did not continue to have significant limitations in her daily activities." (*See* Doc. 19 at 23-24). The Court is likewise unpersuaded by Defendant's argument that Plaintiff's daily activities "reasonably demonstrate" that Plaintiff is not as limited as Dr. Nieves-Quinones opines. (*See id.* at 24). The Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted)). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* (citation omitted)). Here, the ALJ does not specifically articulate any alleged improvement in Plaintiff's tremors as a basis for discounting Dr. Nieves-Quinones' opinion. (*See* Tr. at 27-28, 32). Likewise, the ALJ did not explicitly find that Plaintiff was no longer limited in her daily activities after being removed from Depakote. (*See id.*). Finally, the ALJ did not rely on any alleged inconsistency between the record and Dr. Nieves-Quinones' opinion as a basis for discounting the opinion. (*See id.*). Thus, the Court declines to accept Defendant's *post hoc* arguments.

In sum, the Court finds that remand is appropriate in light of the ALJ's failure to address Nieves-Quinones' opinion and to assign a weight to it. As a treating physician, the regulations require that Dr. Nieves-Quinones' opinion be given substantial or considerable weight unless "good cause" is shown to the contrary. *See Phillips*, 357 F.3d at 1240-41. Yet, in her opinion, the ALJ never expressly addresses or discounts Dr. Nieves-Quinones' finding that Plaintiff is significantly limited in her daily activities. Thus, because the ALJ failed to (1) address the opinion, (2) state the weight afforded it, and (3) provide the reasons therefor, the Court is unable to conclude whether the ALJ considered the opinion. As a result, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning her conclusion that Plaintiff is able to work. *See Robinson v. Astrue*, No. 8:08-cv-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009) (holding that when an ALJ fails to provide specific reasons for his determinations, then the ALJ's general statements do not "permit meaningful judicial review"); *see also Sampson*, 2016 WL 825536, at *4 (M.D. Fla. Mar. 3, 2016) (citing *Robinson*, 2009 WL 2386058, at *4). To be clear, however, the Court is not requiring the ALJ to reach a different conclusion. Indeed, the ALJ may find good cause to discount Dr. Nieves-Quinones' opinion.

As a final matter, because the Court finds that the ALJ erred in failing to address and to assign a weight to Dr. Nieves-Quinones' opinion, the Court need not address whether the ALJ erred in failing to include Plaintiff's tremors as a severe impairment. Ultimately, the Court remands the case and directs the Commissioner

to fully consider the medical evidence of record, including the decision of Dr. Nieves-Quinones, and specify the weight given to each medical opinion.

**B.     Plaintiff's Remaining Arguments**

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including specifically a re-evaluation of Dr. Nieves-Quinones' medical opinion.  Indeed, the other two issues raised by Plaintiff regarding the opinion of treating physician Dr. Francisco Oquendo and the weight afforded to Plaintiff's credibility may be impacted by a re-evaluation of the medical opinion.  Moreover, a re-evaluation of Dr. Nieves-Quinones' medical opinion may impact the analysis of other elements of the ALJ's decision.  As a result, the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

**VI.     Conclusion**

Upon consideration of the parties' submissions and the administrative record, the Court finds that remand is appropriate in light of the ALJ error in failing to address or assign a weight to Dr. Nieves-Quinones' opinion.  Accordingly, the Court **ORDERS** that:

1.     The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

   (1) Re-evaluate the medical opinion evidence of Dr. Daniel A. Nieves-Quinones and specify the weight afforded to it and (2) to review the entire medical evidence of record.

3. The Court suspends application of Local Rule 7.01 in this action. A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount. If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties